UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-42-MOC-DSC

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FELIPE CASTREJON MORALES, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 48). The Government has filed a response in opposition. (Doc. No. 54). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

## I. Background

Between March and April of 2018, Defendant sold an undercover police officer more than 100 grams of cocaine; 145 grams of nearly pure methamphetamine; and two firearms, one of which was stolen. (Doc. No. 30 ¶¶ 14–18). The police had received a report that Defendant was working as a cocaine courier and that he and his co-conspirators stored cocaine and firearms at an apartment in Monroe, North Carolina. (Id. ¶ 13). After the controlled buys, on April 19, the police seized more than 2.4 kilograms of cocaine and more than $31,000 in cash that Defendant and his co-conspirators intended to distribute. (Id. ¶ 19).

A federal grand jury indicted Defendant and charged him with conspiring to distribute and possess with intent to distribute at least 5 kilograms of cocaine and at least 50 grams of actual methamphetamine, 21 U.S.C. § 846; distribution of cocaine, 21 U.S.C. § 841(a)(1);

1

distribution of at least 50 grams of actual methamphetamine, 21 U.S.C. § 841(a)(1); possessing with intent to distribute at least 500 grams of cocaine, 21 U.S.C. § 841(a)(1); and possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). (Doc. No. 18). Defendant entered into a plea agreement with the United States and pleaded guilty to the conspiracy offense and the distribution offense involving methamphetamine. (Doc. Nos. 24, 25). Defendant agreed that more than 5 but less than 15 kilograms of cocaine and 145 grams of actual methamphetamine were reasonably foreseeable to him. (Doc. No. 25 ¶ 8(a)). Defendant also agreed that he should receive a two-offense-level increase because he possessed a weapon in connection with his offense, U.S.S.G. § 2D1.1(b)(1). (Doc. No. 24 ¶ 8(b)).

This Court's probation office submitted a presentence report and calculated a total offense level 33. (Doc. No. 30 ¶ 36). This offense level included a two-offense-level increase because Defendant possessed a firearm, U.S.S.G. § 2D1.1(b)(1), and a two-offense-level increase because he maintained a premises for the purpose of distributing a controlled substance, id., § 2D1.1(b)(12). The probation office assigned Defendant zero criminal-history points and found that the Sentencing Guidelines advised a sentence of between 135 and 168 months in prison based on a total offense level of 33 and a criminal-history category of I. (Doc. No. 30 ¶¶ 41, 58). This Court sentenced Defendant to 135 months in prison at the bottom of the guideline range. (Doc. No. 32 at 2).

During his time in the Bureau of Prisons, Defendant has received four disciplinary citations, two in 2024. (Gov't Ex. 1). Defendant has completed 14 educational courses or work assignments, including drug education. (Id.). Defendant is scheduled to be released in November of 2026. Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a

3

term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.    Analysis**

Defendant is not eligible for a reduction in his sentence. As he asserts in his motion, Defendant was assessed zero criminal-history points. But because he possessed a firearm in connection with his drug-trafficking offense, Sentencing Guidelines § 4C1.1(a)(7) makes clear that he is not eligible for a sentence reduction. Because Defendant has not shown that he is eligible for a sentence reduction, this Court denies his motion.[1]

**ORDER**

---

[1] Even if Defendant were eligible, the 18 U.S.C. § 3553(a) sentencing factors would weigh against a sentence reduction.

4

Case 3:19-cr-00042-MOC-SCR    Document 55    Filed 07/09/24    Page 4 of 5

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 48) is **DENIED**.

Signed: July 8, 2024

Max O. Cogburn Jr
United States District Judge